UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MARLON ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:25-cv-00105-REW-HAI |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MEMORIAL HOSPITAL, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on *pro se* plaintiff Marlon Robinson's timely objection to United State Magistrate Judge Hanly A. Ingram's Recommended Disposition. *See* DE 66 (Objection); DE 64 (Recommended Disposition). Having reviewed both the objection and Judge Ingram's recommendation, the Court **OVERRULES** Robinson's objection and **ADOPTS** Judge Ingram's recommendation as and for the opinion of the Court.

## I. Background

The factual background of this case is not complicated. The procedural background is a different matter. Robinson filed his initial complaint on June 16, 2025. *See* DE 1. Moving first through counsel, Robinson alleged that his former employer, defendant Memorial Hospital, Inc., discriminated against him when it failed to correct pay issues, misclassified his job category in internal pay systems, and selected a rival candidate for a promotion. *See id.* at 2-3. Robinson claims his employer did this because of his race. *See id.* at 3. Memorial answered the complaint on July 10, 2025. *See* DE 10.

On August 4, 2025, Robinson's counsel moved to withdraw as his attorney. *See* DE 9. The Court granted this motion and granted Robinson leave to acquire new counsel. *See* DE 11. Robinson did not retain an attorney, and the Court allowed him to proceed *pro se* on November

17, 2025. *See* DE 24. At the same time, Robinson moved for leave to file an amended complaint. *See* DE 21.

This proposed amended complaint added two new related entities to the litigation: Adventist Health System/Sunbelt Inc. d/b/a AdventHealth Orlando and Adventist Health System Sunbelt Healthcare Corporation d/b/a AdventHealth. *See* DE 21-1 at 1. This complaint again alleged disparate treatment by the AdventHealth entities due to Robinson's race. *See id.* at 2. Advent Health opposed the motion to amend. *See* DE 25. Robinson filed a reply. *See* DE 27.

While the Court considered the motion, Robinson filed a separate action based largely on the same facts on December 15, 2025. *See* DE 30 at 3; *see also* 6:25-cv-225 (consolidated case). In 6:25-cv-225, Robinson moved to consolidate the cases. *See* DE 2, 6:25-cv-225. The Court granted Robinson's motion, consolidating the two cases under 6:25-cv-105. *See* DE 8, 6:25-cv-225. Judge Ingram then denied, without prejudice, Robinson's earlier motion for leave to file an amended complaint. *See* DE 30. Judge Ingram proceeded by construing the complaint from the consolidated case as the operative filing, given its recency. *See id.* at 4. Judge Ingram noted that either party could move for relief from this interpretation. *See id.* Accordingly, that complaint became the operative complaint. *See* DE 31 (Complaint).

On January 12, 2026, Robinson filed a motion titled "Motion for Objection." DE 38. In it, Robinson stated his objection to proceeding with the newest complaint from the consolidated case as the operative filing. *See id.* at 1. Instead, Robinson asked the Court to proceed with the attached "Consolidated Complaint and Jury Demand" as the operative complaint. *Id.* at 3; *see* DE 38-2 (attached "Consolidated Complaint & Jury Demand"). The defendant submitted a response to Robinson's motion on February 2, 2026. *See* DE 43. On February 3, Judge Ingram granted Robinson's motion to amend, acknowledging DE 38-2 as the operative complaint, superseding

and replacing any previous complaint. *See* DE 44. In April, the parties submitted a Rule 26(f) report and Judge Ingram entered a Scheduling Order. *See* DE 52; DE 53.

On May 20, 2026, Robinson filed a Motion for Leave to Amend the Consolidated Complaint. *See* DE 56. Robinson seeks to add four new defendants: three individuals and a new Adventist hospital entity. *See id.* at 2. AdventHealth responded in opposition to this motion. *See* DE 57. AdventHealth objected to Robinson's repeated insistence on filing new complaints and noted that "nearly a year after initiating this litigation, Mr. Robinson seeks leave to amend his complaint yet again." *Id.* at 1-4 (explaining the procedural holdup). AdventHealth argued that this proposed complaint "will be the *fifth* iteration of his claims in this case" and that he "offers no reasonable justification for seeking leave to amend yet again, particularly where the newly asserted allegations and added parties could have been included" in any one of the four prior complaints. *Id.* at 5. The defendant raised two arguments: First, that granting leave to amend would prejudice the defendants and unduly delay the action; and second, that any amendments would be futile. *Id.* at 4-7 (prejudice and delay); *id.* at 7-13 (futility).

Robinson filed a reply in support of his motion to amend. *See* DE 59. The motion thus became ripe on June 16, 2026. On July 14, 2026, retiring Judge Gregory F. Van Tatenhove reassigned the case to the undersigned. *See* DE 62. The Court referred the motion to Judge Ingram for a recommended disposition pursuant to 28 U.S.C. § 636(b). *See* DE 63.

On July 28, 2026, Judge Ingram entered his recommended disposition. *See* DE 64. In an exhaustive opinion, Judge Ingram recommended denying Robinson's motion to amend. *Id.* Specifically, Judge Ingram found that the claims against the four new defendants would be futile. *See id.* at 17–22 (futility analysis). First, as to Nicholas Bejarano, Judge Ingram found that Robinson did not plead a prima facie claim of discrimination, retaliation, or harassment. *Id.* at 18.

Additionally, Robinson did not name Bejarano in an underlying Equal Employment Opportunity Commission ("EEOC") complaint. *Id.* Second, Judge Ingram found that the same deficiencies doomed Robinson's claims against James Couch. *Id.* at 19-20. Third, as to Sissel Jacob, Judge Ingram found that the allegations against her were unexhausted and untimely. *Id.* at 20. Finally, as to the new hospital entity, Judge Ingram similarly found that Robinson failed to plead a prima face case of discrimination, retaliation, or harassment, and further noted that Robinson waived that entity's challenge of personal jurisdiction. *Id.* Judge Ingram's recommended disposition gave the parties 14 days to object. *Id.* at 23-24. Robinson timely objected on August 6, 2026. *See* DE 66.

## II. Standard of Review

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which a party objects. *See* 28 U.S.C. § 636(b)(1)(c). The district judge may accept, reject, or modify the findings and recommendations made by the magistrate judge. *See id.* "Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report." *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard v. Sec. of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). "A general objection is considered the equivalent of failing to object entirely." *Id.* "'[V]ague, general, or conclusory objections' will not be considered." *Thompson v. Crews*, No. CV 24-46-DLB-EBA, 2025 WL 2466132, at *1 (E.D. Ky. Aug. 26, 2025) (citing *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)). An objection is general where it "states [a] disagreement with the Magistrate Judge's recommendation" yet "offers no law, rule, statutory or otherwise, which calls into question the recommendation." *Id.* at *2. As to specific findings or recommendations, "when a defendant does not raise an argument in his objections to the magistrate's report and recommendation, he has forfeited his right to raise this

issue on appeal." *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (citing *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (citation modified).

## III. Analysis

### A. Robinson's Failure to Object to Specific Findings

Robinson's objections are difficult to follow. Much of Robinson's objections constitutes recycled factual argument. *See* DE 66 at 7–11 (repeating factual allegations against the proposed defendants). The Court, however, can identify several arguments that Robinson forfeited because he failed to challenge Judge Ingram's recommended disposition as to those findings. *See Thomas v. Arn*, 106 S. Ct. 466, 472-73 (1985) (noting that the Court need not review a magistrate judge's findings when no objection is made); *Cline v. Myers*, 495 F. App'x 578, 580 (6th Cir. 2012) (holding a general objection to a magistrate's recommended disposition is treated as a failure to object).

#### 1. Adventist Health System/Sunbelt Inc. d/b/a AdventHealth Orlando and d/b/a AdventHealth Central Florida

Begin first with the corporate entity. Judge Ingram found that Robinson could not make a prima facie case against this entity, holding that "[t]here are no facts in the proposed new complaint that would support the elements of a charge of racial discrimination, retaliation, or harassment on the part of the Orlando/Central Florida entity." DE 64 at 22. Judge Ingram further noted that Robinson "has taken no steps to explain how this Court's exercise of jurisdiction over the Orlando/Central Florida entity would comport with Due Process and Kentucky's long-arm statute." *Id.* Robinson fails to address this problem in his objection, noting only that:

> Advent Health System/Sunbelt Inc, a subsidiary of Advent Health System Sunbelt Healthcare Corporation and a sister entity of Memorial Hospital Inc, was identified as the **Respondent** in a letter dated March 31, 2026, from the Kentucky Commission of Human

> Rights. Dr. Robinson interprets this action as Advent Health System/Sunbelt Inc responding to the charge of discrimination filed against Memorial Hospital Inc., which Dr. [sic] believes is a strategy to circumvent or deny justice, furthering his employment discrimination. The act further [sic] Therefore, justice so demands that this case be amended to add the Advent Health System/Sunbelt Inc to the complaint to answer to these claims that have caused much emotional distress to Dr. Robinson.

DE 66 at 11-12 (emphasis original). As such, Robinson forfeited this issue because he failed to challenge any aspect of Judge Ingram's proposed findings, instead simply restating his belief that the Sunbelt entity's listing on a letter entitles him to relief of some kind. The failure to legally challenge *any* of Judge Ingram's findings as to this defendant constitutes a general objection, which the Court need not review.

**2. Sissel Jacob**

Similarly, Robinson fails to object to any of Judge Ingram's proposed findings as to Sissel Jacob. In his recommendation, Judge Ingram found that the actions attributed to Jacob suffered from exhaustion and timeliness bars and that Sissel is not a proper party to the suit. *See* DE 64 at 20. Robinson mentions Jacob just three times in his objection, and nowhere does he attack supposed flaws in Judge Ingram's analysis. *See* DE 66 at 4 ("Consequently, the Court should allow Dr. Robinson to proceed with adding . . . Sissel Jacob . . . as Defendants to this legal action"); *id.* at 11 ("The Honorable Court has personal jurisdiction over the individual defendants of . . . Sissel Jacob because they all lived in the Commonwealth of Kentucky during these claims; "Sissel Jacob lived in London, Kentucky during these claims."). Robinson's failure to object to any of Judge Ingram's findings as to Jacob constitutes a general objection warranting no further review.

**B. Robinson's General Objections**

Having forfeited his claims against Sissel Jacob and the Sunbelt entity, the Court turns to Robinson's claims against proposed defendants James Couch and Nichalos Bejarano. For the

reasons that follow, the Court finds that Robinson's objections to Judge Ingram's conclusions as to these defendants constitute general objections. The Court addresses each proposed defendant in turn.

**1. James Couch**

Robinson does not challenge Judge Ingram's recounting of the factual background of James Couch. It is enough for the Court to reproduce Judge Ingram's narrative:

> The proposed new complaint describes James "Jamie" Couch as Robinson's "former interim supervisor" and "VP of Rural Health, AdventHealth Multi-State Division and former VP of Operations at AdventHealth Manchester." D.E. 56-1, ¶ 9. Robinson says that, after he realized in December 2021 that he "was not properly recognized as the Director of Pastoral Care," he told Couch the following month. *Id.* ¶ 10. The month after that, Couch notified Robinson "that his title has been corrected with an increase in pay." *Id.* ¶ 11. Robinson says he was still below "the proper pay level." *Id.* ¶ 12. Robinson did not obtain a "substantial increase in pay" until July 2024. *Id.* ¶ 13. And Couch increased Robinson's compensation again the following month. *Id.* ¶ 9.

DE 64 at 19. Judge Ingram made the following findings as to Couch. First, that exhaustion and statute-of-limitations issues exist as to Couch. *Id.* Second, that Robinson did not state a claim against Couch. *Id.* Specifically, Judge Ingram found that:

> Given the actual factual allegations concerning Mr. Couch, the Court is not convinced that Robinson has stated a claim holding Couch responsible for any adverse action. Additionally, on these facts, Robinson has not identified any comparator who lacks his protected characteristics. As for harassment, the allegations do not show any objective intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. Nor are there facts that tie any such harassment to Robinson's race or nationality.

*Id.* at 20. Judge Ingram found that "no prima facie case of discrimination, retaliation, or harassment has been pleaded against Couch. Adding Couch would be futile." *Id.*

Robinson's first contention is that Judge Ingram evaluated the new claims under Title VII, rather than 42 U.S.C. § 1981. *See* DE 66 at 3-4. Robinson argues that the EEOC exhaustion and statute-of-limitations requirements that apply to Title VII do not apply to § 1981 claims. *See id.* On this point, Robinson is partially correct: claims brought under § 1981 do not require the exhaustion of administrative remedies. *See Williams v. CSX Transp. Co., Inc.*, 643 F.3d 502, 510 n.3 (6th Cir. 2011). The deadline for a § 1981 action is also generally longer than that for a Title VII claim. *See Hughes v. General Motors Corp.*, 212 F. App'x 497, 499 (6th Cir. 2007) ("The statute of limitations for § 1981 is four years"); *Hollowell v. Michigan Consol. Gas Co.*, 18 F. App'x 332, 337 (6th Cir. 2001) (noting that a plaintiff in a Title VII claim must file suit within 90 days of receiving a right-to-sue letter from the EEOC). Judge Ingram noted this discrepancy. *See* DE 64 at 14 ("The effect of this rule is that the charges brought in Robinson's 2024 EEOC complaint are time-barred, while the charges brought in the 2025 EEOC complaint are not").

But Robinson makes no attempt to attack Judge Ingram's findings that he failed to plead a cause of action against Couch. As Judge Ingram noted, nothing in the proposed amended complaint actually paints Couch as the party responsible for failing to correct a pay discrepancy or job title. *See id.* at 19-20 ("The allegation is that Mr. Couch *corrected* Robinson's job title and prompted a pay *increase*."). Nowhere in the objection does Robinson explain how Couch's actions led to discrimination, retaliation, or harassment. In the "Futility" section of the objection, Robinson only mentions Couch twice in relation to issues that Robinson had with IT and with his computer. *See* DE 66 at 9. Nowhere in the objection or in the proposed amended complaint does Robinson explain how these IT issues were motivated by race. The objection, particularly, is devoid of any such analysis.

The proposed amended complaint, on the other hand, includes formulaic recitations that "Dr. Robinson believes these actions are because of his race, color and national origin and are retaliatory," without explaining how or why. DE 56-1 at 8. Judge Ingram explained—and Robinson does not challenge—that an amendment is futile when it cannot withstand a Rule 12(b)(6) motion to dismiss. *See* DE 64 at 5–6. It is a bedrock principle of law that a "formulaic recitation of the elements of a cause of action" is not enough to withstand a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1959, (2007). Robinson restates over and over that his allegations "meet the elements" for a § 1981 action, but he never goes so far as to explain how. Such bare bones pleading is not sufficient.[1] Robinson's objection is vague, general, and conclusory because while it disagrees with Judge Ingram's recommendation, it offers no legal or statutory reason why Judge Ingram erred. *See Thompson*, 2025 WL 2466132, at *1. Accordingly, Robinson's objection as it pertains to Judge Ingram's analysis of James Couch is overruled as a general objection warranting no further analysis by this Court.

**2. Nicholas Bejarano**

The only remaining proposed defendant is Nicholas Bejarano. As summarized by Judge Ingram,

> The proposed new complaint describes Bejarano as Robinson's supervisor and CEO of AdventHealth Manchester. *Id.* ¶ 37. Robinson says that, on or after January 14, 2025, he told Bejarano about an email relevant to him that "was not delivered to Dr. Robinson's email box." *Id.* ¶ 37. Next, on April 10, 2025, Robinson noticed his computer was off the VPN, so he emailed Bejarano and

[1] Further, § 1981 employment claims receive the same prima facie case and burden shifting analysis as the Title VII and state employment theories. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (applying *McDonnell Douglas/Burdine* to variety of theories, including § 1981 and Title VII, and deeming it proper that analyses are "lumped together"); *Harrison v. City of Akron*, 43 F. App'x 903, 905 (6th Cir. 2002) (citing *Mitchell* and incorporating "adverse employment action" and comparator assessment as applicable to 1981 and Title VII). Plaintiff, merely invoking the 1981 theory in response to Judge Ingram's analysis, does not deflect the impact of such analysis on amendment inefficacy. The same futility flaws apply to each basis.

> the IT department, but nobody responded. *Id.* ¶ 39. On April 16, Robinson asked Bejarano to give him a replacement laptop computer because IT staff had previously "accessed the laptop without Dr. Robinson's permission." *Id.* ¶¶ 34, 40. But Bejarano simply advised Robinson to use his existing laptop. *Id.* ¶ 40. When Robinson protested that he felt the laptop unsafe due to a security breach, Bejarano did not respond. *Id.* Finally, Robinson pegs the "climax" of the retaliation as when Bejarano and HR director Sally Siler issued a Performance Improvement Plan for Robinson on the following day. *Id.* ¶ 40.

DE 64 at 17-18. Judge Ingram determined that "Robinson has not pleaded a prima facie claim of discrimination, retaliation, or harassment against Mr. Bejarano," rendering the proposed complaint futile because it fails to state a claim for which relief can be granted. *Id.* at 18.

Robinson, again, offers only general objections to Judge Ingram's reasoning. He does not challenge any of Judge Ingram's particular findings, stating only that he "believes his complaint and proposed amendments are not futile." DE 66 at 7. Specifically, Robinson did not challenge any of the following findings: (1) "that the issuance of a performance improvement plan cannot constitute an adverse action without being accompanied by some identifiable change in salary, benefits, title, or work hours;" (2) that "none of the allegations against Bejarano constitute objective intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment;" (3) that there are no "alleged facts that could tie any harassment to Robinson's race or nationality;" or (4) that Robinson failed to name Bejarano in the underlying EEOC complaint. DE 64 at 18. Robinson simply restates his factual claims, which are devoid of any actual allegations of discrimination, retaliation, or harassment. These are general, not specific, objections to Judge Ingram's well-reasoned Recommended Disposition. Accordingly, the Court need not further review Robinson's erroneous conclusions of law and unwarranted factual inferences. *See Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).

## IV. Conclusion

This case eclipsed a calendar year without any meaningful discovery or forward movement. The time has come for the parties to advance this case forward to its conclusion, now under Judge Ingram's scheduling order (DE 53). Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff Robinson's Objections to the Recommended Disposition (DE 66) are **OVERRULED**;
2. Judge Ingram's Recommended Disposition (DE 64) is **ADOPTED** as and for the Opinion of the Court;
3. Robinson's Motion to Amend (DE 56) is **DENIED**.

This 26th day of October, 2026.

**Signed By:**
***Robert E. Wier*** REW
**United States District Judge**